## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MINGQUAN LOWASUPAP<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>ANURAK LOWASUPAP<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>     Plaintiffs,<br><br>v.<br><br>FROGGY TIMES, INC.<br>d/b/a FROGGY BOTTOM PUB<br>2021 K Street NW<br>Washington, DC 20006<br><br>MINH BUI<br>1105 North Ohio Street<br>Arlington, VA 22205<br><br>HOANG BUI<br>1105 North Ohio Street<br>Arlington, VA 22205<br><br>    Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1.      Defendants employed Plaintiffs as servers at the "Froggy Bottom Pub." *Defendants did not pay Plaintiffs any cash wage for their work*. Instead, until very recently, Defendants only compensated Plaintiffs by allowing Plaintiffs to keep a percentage of the tips left to them by customers.

2.      As a result of these practices, Defendants owe Plaintiffs a significant amount of minimum and overtime wages.

3.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

4.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

6.      Plaintiffs are adult resident of Virginia.

7.      Defendant Froggy Times, Inc. is a District of Columbia corporate entity. It does business as the Froggy Bottom Pub. Its principal place of business is 2021 K Street NW, Washington, DC 20006. Its registered agent for service of process is Jecca Corporate Services, Inc., 1225 19th Street NW, Suite 320, Washington, DC 20036.

8.      Defendant Minh Bui is an adult resident of Virginia. She resides at 1105 North Ohio Street, Arlington, VA 22205. She is an owner and officer of Defendant Froggy Times, Inc. Together with Defendant Hoang Bui, she exercises exclusive control over the operations of Froggy Times, Inc. — including its pay practices.

9.      Defendant Hoang Bui is an adult resident of Virginia. He resides at 1105 North Ohio Street, Arlington, VA 22205. He is an owner and officer of Defendant Froggy Times, Inc.

Together with Defendant Minh Bui, he exercises exclusive control over the operations of Froggy Times, Inc. — including its pay practices.

10.     Upon information and belief, Defendants Minh Bui and Hoang Bui are married.

11.     Defendants own and operate the restaurant Froggy Bottom Pub, a restaurant located at 2021 K Street NW, Washington, DC 20006.

## Factual Allegations

12.     Plaintiffs worked at the Froggy Bottom Pub as servers.

13.     Plaintiffs' job duties primarily consisted of serving food orders, giving customers refills, and clearing tables. However, in addition to serving customers, Plaintiffs also performed job duties such as preparing drinks, setting up tables and chairs, preparing "to go" orders, and cleaning the restaurant.

14.     Plaintiff Mingquan Lowasupap worked at the Froggy Bottom Pub from approximately November 30, 2015 through approximately April 6, 2018.

15.     Plaintiff Mingquan Lowasupap typically and customarily worked 6 days per week.

16.     Plaintiff Mingquan Lowasupap typically and customarily worked 71 hours per week.

17.     Plaintiff Anurak Lowasupap worked at the Froggy Bottom Pub from approximately December 1, 2017 through approximately April 2, 2018.

18.     Plaintiff Anurak Lowasupap typically and customarily worked 25 hours per week.

19.     *Prior to approximately March 19, 2018, Defendants did not pay Plaintiffs a cash wage. Instead, Defendants only compensated Plaintiffs by allowing Plaintiffs to keep a percentage of the tips left to them by customers.*

20.     *In other words, prior to approximately March 19, 2018, Defendants did not pay Plaintiffs.*

21.     On approximately March 19, 2018, Defendants started to pay Plaintiffs a cash wage of $2.80 per hour. However, the D.C. minimum cash wage for tipped employees was $3.33 per hour. D.C. Code § 32-1003(f).

22.     Defendants never explained the following to Plaintiffs:

    i.      Defendants were required to pay them an hourly wage of at least $2.77 prior to July 1, 2017, and $3.33 from July 1, 2017 through the present;

    ii.     Defendants intended to take a tip credit against their obligation to pay Plaintiffs the minimum wage;

    iii.    Defendants' tip credit could not exceed the amount of tips Plaintiffs received;

    iv.     Plaintiffs had a right to retain all tips that they had actually earned.

23.     At all relevant times, Defendants were ineligible to claim a tip credit. As a result, Defendants owe the full minimum wage to both Plaintiffs for all their hours worked.

24.     The District of Columbia required that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 – June 30, 2016, $11.50 per hour from July 1, 2016 – June 30, 2017, and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

25.     In addition to minimum wages, Defendants also owe overtime wages to Plaintiff Mingquan Lowasupap.

26.     Plaintiff Mingquan Lowasupap typically and customarily worked more than 40 hours per workweek for Defendants.

27.     Defendants did not pay Plaintiff Minguan Lowasupap overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of 40 in a workweek.

28.     Defendants owe Plaintiff Mingquan Lowasupap approximately $120,640.50 in minimum and overtime wages (excluding liquidated damages).

29.     And Defendants owe Plaintiff Anurak Lowasupap approximately $5,177.00 in minimum wages (excluding liquidated damages).

30.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

31.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

32.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

33.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

34.     Defendants Minh Bui and Hoang Bui personally hired Plaintiffs.

35.     Defendants Minh Bui and Hoang Bui personally supervised Plaintiffs.

36.     Defendants Minh Bui and Hoang Bui personally set Plaintiffs' hourly schedules.

37.     Defendants Minh Bui and Hoang Bui personally set Plaintiffs' rates of pay.

38.     Defendants Minh Bui and Hoang Bui personally signed and tendered Plaintiffs' paychecks.

39.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

40.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

41.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

43.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

44.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

45.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

46.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

47.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

48.     Defendants violated the FLSA by knowingly failing to pay both Plaintiffs the required minimum wage.

49.     Defendants violated the FLSA by knowingly failing to pay Plaintiff Mingquan Lowasupap at least one and one-half times her regular hourly rates for hours worked in excess of 40 hours in any one workweek.

50.     Defendants' violations of the FLSA were willful.

51.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

52.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

53.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

54.     The DCMWA required that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017 and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

55.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

56.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to both Plaintiffs.

57.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff Mingquan Lowasupap at least one and one-half times her regular hourly rates for hours worked in excess of 40 hours in any one workweek.

58.     Defendants' violations of the DCMWA were willful.

59.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

60.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

61.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

62.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

63.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

64.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum and overtime wages. D.C Code § 32-1301(3).

65.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

66.     Defendants' violations of the DCWPCL were willful.

67.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**511,870.00**, and grant the following relief:

a.     Award Plaintiffs $503,270.00, consisting of the following overlapping elements:

i.     unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii.     unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii.     unpaid minimum and overtime wages, plus three times the amount of

unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-

1303(4) and 32-1308;

b.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix

approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and

updated to account for the current market hourly rates for attorney's services, pursuant to

the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $8,200.00);

d.     Award Plaintiffs court costs (currently, $400.00); and

e.     Award any additional relief the Court deems just.

Date: May 10, 2018                                            Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*