IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MINGQUAN LOWASUPAP, et al.

    Plaintiffs,

v.

FROGGY TIMES, INC., et al.

    Defendants.

Case No. 1:18-cv-01107-ABJ

**JOINT REPORT OF THE PARTIES PURSUANT TO**
**FED. R. CIV. P. 26(f) AND LCvR 16.3(d)**

The parties submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(d). The Initial Scheduling Conference ("ISC") in this matter is currently set for **July 23, 2018 at 10:00 a.m.**

**A.**     **Brief Statement of Claims and Defenses**

Plaintiffs bring this action to recover damages for Defendants' alleged willful failure to pay regular, minimum, and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

Defendants deny Plaintiffs' allegations and deny liability.

**B.**     **Local Civil Rule 16.3(c) Matters**

    1.     <u>Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.</u>

Neither party thinks the case is likely to be completely disposed of by dispositive motion. Neither party has filed a dispositive motion nor recommends that discovery or other matters should await a decision on any future dispositive motion.

2. <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

The parties propose that all parties be joined and all pleadings be amended within approximately four months of the ISC: November 30, 2018.

The parties do not currently agree on any of the principal factual and legal issues, but they anticipate that future agreement may be possible.

3. <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

The parties do not at this time consent to the assignment of this case to a magistrate judge.

4. <u>Whether there is a realistic possibility of settling the case.</u>

The parties believe that there is a moderate likelihood that this case will settle.

5. <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>

Counsel for the parties have discussed ADR with their clients, and the parties believe that this case may benefit from early ADR. However, parties desire to engage in preliminary settlement discussions before deciding whether to pursue ADR. If the parties choose to pursue ADR, the parties agree to discuss limits to their pre-ADR discovery so as to reduce litigation costs while still allowing parties to prepare for the ADR.

6. <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>

The parties may file partially dispositive motions. The parties propose that the deadline for filing dispositive motions be set 21 days after the close of all discovery (December 21, 2018), that oppositions be due 21 days after the deadline for dispositive motions (January 11, 2019), and that replies be due 14 days after the deadline for oppositions (January 25, 2019).

7. <u>Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>

The parties agree that initial disclosures should be made within one month of the ISC: August 23, 2018.

8. <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

The parties agree that discovery will not be extensive. The parties agree that discovery should commence immediately. In the event parties choose to pursue ADR, the parties agree to discuss limits to their pre-ADR discovery so as to reduce litigation costs while still allowing parties to prepare for the ADR.

Parties believe that discovery should be completed within approximately four months of the ISC, or by November 30, 2018.

9. <u>Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.</u>

The parties have discussed the importance of preserving all information that is potentially relevant to this matter, and they agree to preserve all such evidence in its original form through the conclusion of this case. The parties consent to the electronic service of discovery materials in this matter, and they agree to ensure that all discovery responses are sequentially Bates-stamped and transmitted in legible PDF format.

10. <u>Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.</u>

The parties do not have any such issues at this time.

11. <u>Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.</u>

The parties do not anticipate using experts and do not seek any modification of Rule 26(a)(2).

12. <u>In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

This topic is not applicable.

13. <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

The parties believe that both trial and discovery should proceed normally.

14. <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

The parties agree that a pretrial conference should be held approximately two weeks after the close of dispositive motions briefing, on or about February 8, 2019.

15. <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

The parties agree that the trial date should be set at the pretrial conference.

16. <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

The parties are not aware of any other such matters at this time.

C.  **Summary of Proposed Schedule**

| Initial Disclosures | August 23, 2018 |
|---|---|
| Amendment of Pleadings / Joinder | November 30, 2018 |
| Close of Fact Discovery | November 30, 2018 |
| Dispositive Motions Due | December 21, 2018 |
| Oppositions Due | January 11, 2019 |
| Replies (If Any) Due | January 25, 2019 |
| Pretrial Conference | February 8, 2019 (approx.) |
| Trial Date | February 15, 2019 (approx.) |

Date: July 16, 2018

Respectfully submitted,

/s/ Jonathan Tucker, Esq.
JONATHAN TUCKER, #1026050
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6081
Fax: (202) 683-6102
jonathan@dcwagelaw.com

/s/ Stout-Tabackman Leslie, Esq.
STOUT-TABACKMAN LESLIE, #422082
JACKSON LEWIS P.C.
1070 Parkridge Blvd.
Suite 300
Reston, VA 20191
Phone: (703) 483-8300
Fax: (703) 483-8301
Leslie.Stout@jacksonlewis.com

*Counsel for Defendants*